✎ AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

__WESTERN__ District of __NORTH CAROLINA__

UNITED STATES OF AMERICA

V.

__KIM GREGORY McKINNEY__
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case   1:00 cr 42

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

(1) There is probable cause to believe that the defendant has committed an offense

   for which a maximum term of imprisonment of ten years or more is prescribed in _____.

   under 18 U.S.C. § 924(c).

(2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

(1) There is a serious risk that the defendant will not appear.

X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   X   clear and convincing evidence   ☐ a preponderance of the evidence that

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_____   _____
*Date*   *Signature of Judge*

Dennis L. Howell, United States Magistrate Judge
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:00 cr 42

**UNITED STATES OF AMERICA,**

Vs.                                                                                          **ADDENDUM TO**
                                                                                             **DETENTION ORDER**

**KIM GREGORY McKINNEY.**

_____

**I.   FACTORS CONSIDERED**

   **18 U.S.C. § 3142:**

   **(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

   **(1)** The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

   **(2)** the weight of the evidence against the person;

   **(3)** the history and characteristics of the person, including--

      **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

      **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

   **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## II. FINDINGS

**As to factor:**

**(g)(1):** The nature and circumstances of the offense charged originally involved a crime of violence, that being unlawful possession of a firearm which is a crime of violence in this district and in the Fourth Circuit. U.S. v. Redmon 3:06cr92 and U.S. v. Allen, 409 F.Supp. 2d 622 (Maryland, 2006). Further, the nature and circumstances of the violations of the defendant further involve crimes of violence, that being criminal domestic assault.

**(g)(2):** The weight of the evidence against the person appears to be strong and significant.

**(g)(3):** The history and characteristics of the person

(A) Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court appearances indicate that the defendant has family ties, financial resources, he has consistently had employment, and has a long length of residence in the Spartanburg, SC community. In regard to the defendant's history relating to drug or alcohol abuse, the defendant was convicted on June 7, 1995 of possession of crack cocaine. He was placed upon probation and his probation was then revoked on February 6, 1998. The defendant was convicted of open container in violation of liquor law in Spartanburg, SC in 1996. The defendant was convicted in the United States District Court for the District of South Carolina on June 9, 1997 of possession with intent to distribute cocaine base.

In addition to the above referenced offenses, the defendant has the following additional criminal convictions:

| Offense | Conviction Date |
|---|---|
| Car breaking and grand larceny, SC | 04/01/83 |
| Driving while license suspended, SC | 1983 |
| Driving while license suspended, SC | 1983 |
| Driving while license suspended, SC | 1983 |
| Disorderly conduct, SC | 1984 |
| Reckless driving, SC | 1986 |
| Violation of the Habitual Offender Act, driving while license suspended, SC | 08/25/86 |
| Assault and battery of a high and aggravated nature, SC | 03/05/88 |
| Assault and battery with intent to kill, SC | 03/25/88 |
| Criminal domestic violence, SC | 07/21/94 |
| Criminal domestic violence, SC | 11/21/94 |
| Unlawful possession of a firearm by a convicted felon, US District Court | 2001 |
| Criminal domestic violence, first offense, SC | 09/11/08 |

The defendant's record concerning appearance at court appearances shows that the defendant appears in court as he is scheduled to do.

    (B) At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence. It appears that this factor does exist. The defendant was serving a term of supervised release.

**(g)(4):** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate that the release of the defendant would create a risk of harm or danger to any other person or the community. The defendant's criminal record is replete with acts of violence, including shooting Tommy Rice with intent to kill on August 20, 1987 with a .38 caliber pistol and thereafter shooting Steven Williams on January 28, 1988 with a pistol. This victim subsequently died. The defendant has also been convicted of three separate counts of criminal domestic violence. These actions by the defendant show that the release of the defendant would create a risk of harm or danger to any other person or the community. Additionally, in regard to the events of September 28, 2007, the defendant's girlfriend, Ms. Copeland, made repeated statements to law enforcement officers in November of 2007 stating that the defendant had threatened to kill her. Ms. Copeland took the stand and denied she had made these statements. The foregoing shows by clear and convincing evidence that the release of the defendant would create a risk of harm or danger to any other person or the community. Based upon the foregoing, the undersigned has determined to enter an order detaining the defendant pending further proceedings in this matter.

The undersigned does not find that the release of the defendant would create a risk of flight on the part of the defendant.

**WHEREFORE**, it is **ORDERED** that the defendant be detained pending further proceedings in this matter.

    Signed: September 25, 2008

    Dennis L. Howell
    United States Magistrate Judge